IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STARLET BAKER, individually | ) |
| Plaintiff, | ) ) ) Case No. |
| v. | ) ) Judge |
| ELITE STAFFING, INC., | ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Starlet Baker, ("Plaintiff"), for her Complaint against Elite Staffing, Inc., (hereafter "Defendant"), states as follows:

**I.     NATURE OF THE CASE**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the IDTLSA for: 1) Defendant's failure to pay Plaintiff at the least the federally and state-mandated minimum wage for all time worked in violation of the FLSA, the IMWL and the IDTLSA; 2) Defendant's failure to compensate Plaintiff a minimum of four hours of pay at the agreed upon rate when she was contracted to work for a third party client company and was utilized for less than four hours in violation of the IDTLSA; and 3) Defendant's failure to provide Plaintiff with an Employment Notice as required by the IDTLSA.

**III.     JURISDICTION AND VENUE**

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## IV. PARTIES

**A.** <u>Plaintiff</u>

3. During the course of his employment with Defendant, Plaintiff:

   a. has handled goods that have moved in interstate commerce;

   b. has been an "employee" of Defendant in Illinois as that term is defined by the FLSA, the IMWL and the IWPCA;

   c. has been employed by Defendant as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5; and

   d. has worked as a "laborer" on behalf of Defendant at the third party client company, Menasha in Illinois..

**B.** <u>Defendant</u>

4. Within the three years prior to the filing of this matter, Defendant:

   a. has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party client companies, including Menasha;

   c. has been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5;

   d. has been an "enterprise" as defined in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

   e. has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c).

## V. FACTUAL BACKGROUND

5. During all relevant times, Defendant has contracted with third party client companies to provide laborers, for a fee and pursuant to a contract, to perform work at these third party client companies' facilities such as assembling and packaging products.

6. Defendant is in the business of recruiter temporary laborers and selling the labor of such laborers for a fee.

7. Plaintiff was not compensated by Defendant for "all time worked." Among the schemes engaged in by Defendant to deny Plaintiff of all of his earned wages were:

    a. Requiring Plaintiff to report for work up to half an hour before being allowed to clock in and begin working;

    b. Contracting Plaintiff as a day laborer, then transporting Plaintiff to multiple

    c. third party client companies or facilities in a single day without compensation for the time he was transported by Defendant for Defendant's benefit of attempting to contract Plaintiff's services to its third party client company for a fee. ;

8. As a result of Defendant's failure to compensate Plaintiff for all compensable time, in many work weeks, Plaintiff was compensated less than the Illinois minimum wage for all compensable time.

9. As a result of Defendant's failure to compensate Plaintiff for all compensable time, in many work weeks, Plaintiff was compensated less than the federal minimum wage for all compensable time.

10. Within the three years prior to the filing of this matter, Defendant regularly contracted Plaintiff to work at a third party client company and failed to compensate Plaintiff for a minimum of four hours of work when Plaintiff was utilized for less than four hours at said client company.

11. In the three years prior to Plaintiff filing this lawsuit, Defendant failed to provide Plaintiff with an "Employment Notice" as required by the IDTLSA at the time of dispatch to third party clients in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

    a. the name of the day or temporary laborer;

    b. the name and nature of the work to be performed;

    c. the wages offered;

    d. the name and address of the destination of each day and temporary laborer;

    e. terms of transportation; and

    f. whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

12. Defendant's failure to provide Plaintiff with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30) has denied Plaintiff of certain information related to her employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. The Illinois legislature found that such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

### COUNT I
### Violation of the FLSA – Minimum Wages

Plaintiff incorporates and realleges paragraphs 1 through 12 as though set forth herein.

13. This Count arises from a violation of the FLSA for Defendant's failure to pay Plaintiff not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 5 through 9, *supra*.

14. Defendant suffered and permitted Plaintiff to work in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

15. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

16. Plaintiff was entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

17. Defendant did not pay Plaintiff the federally-mandated minimum wage for all hours worked in individual work weeks.

18. Defendant's failure to pay Plaintiff the federally-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the FLSA.

19. Plaintiff is entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage rate paid to Plaintiff;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### (Violation of the Illinois Minimum Wage Law – Minimum Wages)

Plaintiff incorporates and realleges paragraphs 1 through 19 as though set forth herein.

20. This Count arises from a violation of the IMWL for Defendant's failure to pay Plaintiff the Illinois-mandated minimum wages for all hours worked in individual work weeks.

21. Defendant suffered and permitted Plaintiff to work in certain work weeks in the three years prior to Plaintiffs filing this lawsuit.

22. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

23. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

24. Defendant did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 5 through 8, *supra*.

25. Defendant's failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

26. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due to Plaintiff as provided by the IMWL;

B. Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendant violated the IMWL;

D. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

E. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### (Violation of Illinois Day and Temporary Labor Services Act-Four Hour Minimum Pay)

Plaintiff incorporates and realleges paragraphs 1 through 26 as though set forth herein.

27. This Count arises from the violation of the IDTLSA for Defendant's failure to compensate Plaintiff for a minimum of four (4) hours at their regular rate of pay when a laborer

6

was contracted to work at a third party client company but was not utilized for at least four (4) hours pursuant to 820 ILCS 175/30(g).

28. Defendant contracted and assigned Plaintiff to work for a period of less than four (4) hours in single work days, but did not pay her a minimum of four (4) hours pay as described more fully in paragraph 10, *supra*.

29. Plaintiff was entitled to be compensated for a minimum of four (4) hours pay on days in which she was contracted to work at a third party client's worksite but was not utilized for at least four (4) hours.

30. Defendant's failure to compensate Plaintiff a minimum of four (4) hours pay for any day she was contracted to work violated the IDTLSA. 820 ILCS 175/30(g).

31. Plaintiff is entitled to recover four (4) hour minimum pay for any days she was not compensated a minimum of four (4) hours in the three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment for Plaintiff in the amount of the underpayment of the four (4) hour minimum payment requirement of section 30(g) of the IDTLSA;

B. Liquidated damages in an amount equal to the amount of the underpayment of the four (4) hour minimum payment requirement of section 30(g) of the IDTLSA;

C. That the Court declare that Staffing Agency Defendant has violated section 30(g) of the IDTLSA;

D. Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### (Violation of the Illinois Day and Temporary Labor Services Act - Employment Notice)

Plaintiff incorporates and realleges paragraph 1 through 31 as though set forth herein.

32. This Count arises from the violation of the IDTLSA for Defendant's failure to provide Plaintiff with a proper Employment Notice as required by the IDTLSA.

33. Defendant employed Plaintiff and assigned her to work at a third party client company.

34. Defendant was obligated to provide Plaintiff with an Employment Notice at the time Plaintiff was initially dispatched to work and any time the material terms listed on the Employment Notice changed. 820 ILCS 175/10.

35. Defendant failed to provide Plaintiff with Employment Notices at the time of dispatch to third party clients or at the time any terms listed on an Employment Notice changed as required by the IDTLSA.

36. Defendant violated the IDTLSA by failing to provide to Plaintiff an Employment Notice as required by the IDTLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court award Plaintiff compensatory damages and statutory damages of up to $500 for each violation of Section 10 of the IDTLSA;

B. That the Court declare that Defendant has violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

C. Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: April 13, 2015

Respectfully submitted,

s/Alvar Ayala
ALVAR AYALA
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121
Attorneys for Plaintiff