**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STARLET BAKER, CHARLES LOVETT, and FREDRICK JONES, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 15 CV 3246 |
| v. | ) |
| | ) Judge Leinenweber |
| ELITE STAFFING, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION CLAIMS

This Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement Agreement," "Stipulation," or "Agreement") is made by Starlet Baker, Charles Lovett, and Frederick Jones, on behalf of themselves (collectively the "Named Plaintiffs," "Plaintiffs," or "Class Representatives") and each of the Class Members as defined herein, on the one hand, and the Defendant, Elite Staffing, Inc., ("Defendant" or "Elite"), on the other hand, in the above-captioned action (the "Class Action," "Action," "Lawsuit," or "Litigation").

## I.     PROCEDURAL HISTORY

On April 13, 2015 Plaintiffs filed this Action in the U.S. District Court for the Northern District of Illinois alleging that Defendant: (a) failed to pay them federal and Illinois-mandated minimum and overtime wages for all time worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") (collectively, the "Alleged Minimum Wage Violations"); (b) failed to provide Plaintiffs with an Employment Notice (and/or failed to provide Plaintiffs with an accurate Employment Notice), in violation of the Illinois Day and Temporary Labor Services

1

Act ("IDTLSA"), 820 ILCS 175/1, *et seq.* (the "Alleged Employment Notice Violation"); and (c) failed to compensate Plaintiffs for a minimum of four hours at their regular rate of pay on days that they were contracted by Defendant to work at a third party client company but were not utilized in violation of the IDTLSA (the "Alleged Four Hour Minimum Pay Violation"). On April 15, 2015, Plaintiffs filed an Amended Complaint making the above-referenced allegations on a class-wide basis.

On January 19, 2016, this Court granted Plaintiffs' and Defendant's (hereinafter, collectively, the "Parties") Joint Motion to Stay all Discovery to Allow the Parties to Conduct Mediation. *See* Docket Entry No. 27 (hereinafter "Dkt. No. ¶ _"). On May 9, 2016, the Parties participated in an all-day mediation with the Hon. Morton Denlow, a retired Magistrate Judge in the Northern District of Illinois. With the assistance of Judge Denlow, the Parties reached a settlement of this matter, resolving the claims of the Named Plaintiffs arising under the FLSA and IMWL, as well as any other potential claims of named Plaintiffs on an individual basis and resolving the claims of the Named Plaintiffs and Class Members arising under the IDTLSA on a class-wide basis, subject to approval of this Court.

## II.     DEFINITION OF "CLASS MEMBERS"

Pursuant to the Parties' Settlement Agreement, the term "Class Members" shall be defined as follows:

> All day or temporary laborers who have been employed by Elite Staffing, Inc. and assigned to or placed at a client company in Illinois from April 13, 2012 through April 13, 2015.

Defendant has identified 96,800 day or temporary laborers in its records who meet this definition of Class Members.  Defendant shall provide Plaintiffs' Counsel with a final list of Class Members within seven (7) days of preliminary approval of this Settlement (the "Class List Date").

The Named Plaintiffs request that the Court appoint Workers' Law Office, P.C. as Class Counsel and request that the Court appoint the Named Plaintiffs as the Class Representatives in this Lawsuit.

### III.  BENEFITS OF SETTLEMENT TO CLASS MEMBERS

Defendant expressly denies any liability or wrongdoing of any kind associated with the claims in this Action and maintains that it has complied with all applicable laws at all times. Named Plaintiffs recognize the expense and length of continued proceedings necessary to continue the Litigation against Defendant through trial and through any possible appeals. Named Plaintiffs have also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. The Class Members will receive a significant monetary award for settlement of their claims relative to the size of each Class Member's likely claim, and Defendant will implement strong non-monetary relief designed to help prevent the violations alleged in the Lawsuit as part of this Settlement.  Based on the foregoing, Named Plaintiffs have determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in the best interests of the Class Members.

### IV.  DEFENDANT'S REASONS FOR SETTLEMENT

Defendant has concluded that any further defense of this litigation would be protracted and expensive for all Parties. Substantial amounts of time, energy, and resources of Defendant have been devoted to and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted by Plaintiffs. Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the claims set forth in the Lawsuit.

## V. SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Named Plaintiffs on behalf of themselves and of all other Class Members, on the one hand, and Defendant, on the other hand, and subject to the approval of the Court, that the Class Action hereby be compromised and settled pursuant to the terms and conditions set forth in this Agreement and that, upon the Final Approval (as defined below), the Lawsuit shall be dismissed with prejudice, subject to the recitals set forth hereinabove, which by this reference become an integral part of this Agreement, and subject to the following terms and conditions:

1. **Definitions**

(a) "Administration Costs" means the costs associated with administering the Agreement.

(b) A "Claim" means a materially complete, valid, and timely Claim Form submitted by a Class Member to the Class Counsel.

(c) The "Claim Deadline" means the date sixty (60) calendar days after the first mailing date of the Class Notice, and shall be the last date by which the following must be postmarked, emailed, filed, or faxed in order to be timely and effective: (a) a Class Member's Claim Form; (b) if a Class Member wishes to be excluded from the Settlement, that Class Member's timely Request for Exclusion; and (c) if a Class Member objects to the Settlement, that Class Member's timely written objection to the Agreement.

(d) A "Claim Form" means the form attached as **Exhibit C**, as approved by the Court, by which a Class Member may submit a Claim to the Settlement Administrator.

(e) A "Claimant" means a Class Member who submits a complete and timely Claim Form. Named Plaintiffs are deemed to be Claimants and need not file a Claim Form.

(f)     The "Claims Administration Fund" shall mean money Defendant will pay into a fund, which is separate and apart from the Total Settlement Amount, to be used for the costs associated with the claims administration in an amount of up to, and in no case exceeding, One Hundred Thousand Dollars and Zero Cents ($100,000.00).  The purpose of the Claims Administration Fund is to pay for the costs associated with administering the claims only, including, for example: (1) the  costs of printing and mailing the Abridged Notice of Settlement and Claim Form, attached hereto as **Exhibit B** and **Exhibit C** respectively, to each Class Member; (2) the costs of printing and mailing the Unbridged Notice of Settlement and Claim Form upon the request of any Class Member, attached hereto as **Exhibit D**; (3) the  costs of reasonable efforts to locate Class Members; and (4) the  costs associated with processing Claim Forms.  Payments from the Claims Administration Fund shall be paid only to third party vendors reasonably necessary for Class Counsel to carry out its obligations in the administration of the claims process described herein.   In no instance shall Defendant have any obligation to reimburse Class Counsel for its own labor costs, attorneys' fees, or incidental expenses from the Claims Administration Fund.  The Parties expressly understand and agree that the Claims Administration Fund is separate in purpose and amount from the Total Settlement Amount.  The Parties further agree that if the administration costs of this Settlement do not exhaust the Class Administration Fund, then the remainder of the Class Administration Fund (but not the remainder of the Total Settlement Amount) shall be returned to Defendant, as outlined in Paragraph V(6)(cc).  The Parties additionally agree that if the actual administration costs of this Settlement do exceed the Class Administration Fund, then the additional actual administration costs incurred for claims administration ("Additional claims Administration Costs") will be reimbursed from the Total Settlement Amount.

(g)     The "Class Members" or "Class" refers to the Class Representatives and:

All day or temporary laborers who have been employed by Elite Staffing, Inc. and assigned to or placed at a client company in Illinois from April 13, 2012 through April 13, 2015.

(h)     "Class Counsel" refers to Christopher J. Williams and Alvar Ayala of the Workers' Law Office, P.C.

(i)     The "Class Data" means the data provided by Defendant to Class Counsel in a form usable by commercially available database software, like Microsoft Access or Excel (or any other software mutually agreed to by the Parties), containing solely the following information with respect to each Class Member: (1) name; (2) last-known home address; and (3) social security number.  The Parties agree that the information contained in the Class Data is to be used exclusively for the purposes of carrying out the requirements of this Settlement and shall be subject to the Confidentiality Order already entered in this litigation to ensure the confidentiality of the information contained in the Class Data. Class Counsel further agrees that, within Class Counsel's firm, the Class Data shall only be handled by designated support staff on a need-to-know basis and that all employees of Class Counsel's firm, as well as any third party vendors who shall have access to the information in the Class Data, shall execute an agreement to be bound by the terms of the already entered Agreed Protective Order.

(j)     The "Class Period" means the period from April 13, 2012 to April 13, 2015.

(k)     The "Class Representatives," "Plaintiffs," or "Named Plaintiffs" means Starlet Baker, Charles Lovett, and Frederick Jones.

(l)     The "Net Settlement Fund" means the Total Settlement Amount minus: (i) the General Release Payments to Plaintiffs; (ii) the Service Payments to Plaintiffs; (iii) attorneys'

fees and costs awarded to Class Counsel; and (iv) Additional Claims Administration Costs above the amount of the Claims Administration Fund.

(m)     The "Court" refers to the Court having jurisdiction over the Lawsuit, namely, the United States District Court for the Northern District of Illinois, Eastern Division.

(n)      "Defendant" or "Elite" refers to Elite Labor Services Ltd. d/b/a Elite Staffing, Inc., and its parents, subsidiaries, divisions, successors, heirs and assigns, and affiliated companies doing business as Elite Staffing or Elite Labor Services, except that "Defendant" or "Elite" does not include any other company that employed a Class Member before it was acquired by Elite

(o)     "Defendant's' Counsel" refers to Laner Muchin, Ltd.

(p)     The "Effective Date" means the first day after the last day of the period for appeal of the latter of the Final Judgment or any motion to intervene, or if an appeal of any kind has been filed, the date on which the latest appeal is finally and fully adjudicated.  The Parties agree to waive all rights to appeal upon entry of Final Judgment.  Notwithstanding the foregoing, where the Final Judgment entered by the Court grants full relief sought by the Parties in the absence of an objection or a motion to intervene, the Effective Date shall be the date of the Final Judgment.

(q)     The "Final Approval Date" means the date by which this Settlement is finally approved as provided herein and the Court enters Final Judgment as defined below.

(r)     The "Final Approval Hearing" or "Fairness Hearing" means the hearing on Plaintiffs' Motion for Final Approval of the Agreement.

(s)     "Final Judgment" or "Judgment" means the date on which the Court enters the Final Judgment and Order of Dismissal with Prejudice dismissing the entire Lawsuit with

prejudice, except to the extent the Court retains jurisdiction pursuant to Paragraph V(28). The Parties shall submit a proposed order of Final Judgment setting forth the terms of this Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing, or at such other time as the Court deems appropriate.

(t)     "General Release Payments" refer to total payments from the Total Settlement Amount in the amount of Six Thousand Dollars and Zero Cents ($6,000.00) to each of the three Named Plaintiffs – which will total Eighteen Thousand Dollars and Zero Cents ($18,000.00) collectively and no more – for executing a general release of all claims, including, but not limited to, their FLSA and IMWL claims. General Release Payments shall be subject to Court approval.

(u)     The "Class Notice" refers to two documents, including: (i) an abridged Notice of Class Action Settlement, which shall be sent by regular U.S. mail to the Class Members in order to inform them of the terms of this Agreement and their rights and options related thereto, a copy of which is attached hereto as **Exhibit B**; and (ii) an unabridged Notice of Class Action Settlement, which will be mailed to Class Members via regular U.S. mail upon request only, a copy of which is attached hereto as **Exhibit D**.

(v)     A "Notice Packet" means the collection of documents that will be sent by regular U.S. mail to each Class Member, consisting of: (i) the abridged Notice of Class Action Settlement; (ii) the Claim Form; and (iii) a self-addressed, postage-paid Claim Form addressed to Class Counsel.

(w)     An "Opt-Out" is a Class Member who has timely filed a Request for Exclusion using the process specified in this Agreement.

(x)     The "Opt-Out Period" refers to the period during which Class Members may exclude themselves from the Agreement, and such period ends as of the Claim Deadline.

(y)     The "Parties" refers to the Named Plaintiffs, the Class Members, and Defendant collectively, and in the singular refers to any of them, as the context makes apparent. In light of the representative nature of this action, the Named Plaintiffs have authorized Class Counsel to take positions on their behalf, and, at such time as the Court certifies the Class for the purposes of settlement only, Class Counsel shall be authorized to take positions on behalf of the Class.

(z)     The "Preliminary Approval Date" is the date on which the Court issues the Preliminary Approval Order.

(aa)    The "Preliminary Approval Order" means the Order of the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying the Class for settlement purposes only and granting and approving the sending of the Class Notice and preliminary approval of this Agreement, as may be modified by subsequent mutual agreement of the Parties in writing and approved by the Court.

(bb)    "Released Claims" means any and all claims arising under the IDTLSA that were and could have been brought against Defendant Elite in this Lawsuit, excluding any claims arising under Sections 15, 20, 25, 40, 90, 95(a)(1), 95(a)(3) and 95(a)(4) (except that any claim for attorneys' fees and costs relating to the released claims are also released) of the IDTLSA. Any claims that Class Members may have against Defendant's third party client companies (but not against Elite) arising under the IDTLSA, are explicitly excluded from the definition of "Released Claims".

(cc)    The "Released Parties" means Elite Labor Services Ltd. d/b/a Elite Staffing, Inc., and its parents, subsidiaries, divisions, successors, heirs and assigns, affiliated companies doing business as Elite Staffing or Elite Labor Services, and their past, present and future directors, officers, members, agents, owners, attorneys, employees, representatives, trustees, administrators, insurers, and fiduciaries, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

(dd)    "Service Payments" refers to payments from the Total Settlement Amount in the amount of Two Thousand Dollars and No Cents ($2,000.00) to each of the three Named Plaintiffs – which will total Six Thousand Dollars and No Cents ($6,000.00) collectively and no more – for their service to the Class in litigating this matter and assisting with its settlement. Service Payments to Plaintiffs shall be subject to Court approval.

(ee)    The "Settlement Administrator" is charged with administering the process for distributing the settlement funds. The Parties shall jointly share responsibility for the process of distributing settlement funds as set forth in Paragraph V(6), below.

(ff)    "Settlement Agreement," "Stipulation," or "Agreement" refers to this Class Action Settlement Agreement.

(gg)    The "Total Settlement Amount" is Nine Hundred and Fifty Thousand Dollars and Zero Cents ($950,000.00), which is the maximum total amount that Defendants shall pay under the terms of this Agreement, except for the amount of the Claims Administration Fund, as defined above in this Agreement, which shall be in addition to the Total Settlement Amount.

(hh)    "Settlement Award Payment" means a single Claimant's share of the Net Settlement Fund, up to an amount not to exceed One Hundred Eighty Dollars and Zero Cents

($180.00) per Claimant. The term in the plural shall mean the Claimants' share of the Net Settlement Fund collectively.

      2.     **<u>Release As To All Class Members.</u>**

Class Members who do not exclude themselves from this Settlement, including, but not limited to, the Named Plaintiffs, release and forever discharge and covenant not to sue on the Released Claims against the Elite. "Released Claims," as described in Paragraph V(1)(bb), means any and all claims arising under the IDTLSA that were and could have been brought against Defendant Elite in this Lawsuit, excluding any claims arising under Sections 15, 20, 25, 40, 90, 95(a)(1), 95(a)(3) and 95(a)(4) (except that any claim for attorneys' fees and costs relating to the released claims are also released) of the IDTLSA. Any claims that Class Members may have against Defendant's third party client companies (but not against Elite), arising under the IDTLSA, are explicitly excluded from the Released Claims.

Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Final Approval, Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

3.    **General Release By Named Plaintiffs Only.**

In addition to the release made by the Class Members set forth in Paragraph V(2) above, the Named Plaintiffs release and fully discharge all claims known or unknown against the Released Parties, as of the Effective Date.

By way of explanation, but not limiting its completeness, Named Plaintiffs hereby fully, finally and unconditionally release, compromise, waive, and forever discharge Defendant and the Released Parties from any and all claims, liabilities, suits, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, discrimination or otherwise, liquidated or unliquidated, absolute or contingent, in law or in equity, which were or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon their employment with Defendant and any alleged act or omission to act by the Released Parties, whether related or unrelated to their employment, occurring and/or accruing prior to the Effective Date.  They further waive any right to any form of recovery, compensation, or other remedy in any action brought by them or on their behalf.

Named Plaintiffs promise and covenant that they will not file any complaint, action, lawsuit, or grievance against Defendant or any of the Released Parties based upon any claim covered under the foregoing release, except that Named Plaintiffs Baker and Jones are not prohibited from bringing any claim under the Age Discrimination in Employment Act, as amended, wherein they seek to challenge whether they knowingly and voluntarily entered into this Agreement, nor are the Named Plaintiffs prohibited from filing a charge or cooperating with any government agency responsible for enforcing discrimination laws, nor are they prohibited from filing a claim seeking enforcement of this Agreement.

Without limiting the foregoing terms, the release and covenant not to sue in this Paragraph specifically includes, without limitation, all claims the Named Plaintiffs have or may have under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, the Illinois Human Rights Act, as amended, the Age Discrimination in Employment Act, as amended, and the Americans With Disabilities Act, as amended. This release and covenant not to sue also includes any tort claims, and any and all claims they may have arising from or under any federal, state or local constitution, statute, regulation, rule, ordinance, order, or public policy.

Named Plaintiffs represent and warrant that: (a) none of them are aware of any continuing effects of any work-related injuries or illnesses or of any symptoms which might be caused by a work-related injury or illness, whether reported or not; (b) except for the Action to be settled herein, they have not encouraged or caused any proceedings to be maintained or instituted against Defendant or any of the other Released Parties regarding matters released this Section; and (c) they will not cause, encourage, or participate in any proceeding against Defendant or any of the other Released Parties regarding any matter released in this Section, except as required by law, with the caveat that nothing shall prevent them from cooperating in an investigation by a government agency enforcing discrimination laws.

Named Plaintiffs Baker and Jones understand that they have been given twenty-one (21) days to consider this Agreement (the "Consideration Period") before giving authority to Class Counsel to sign it on their behalf, and they acknowledge and agree that this Consideration Period has been reasonable and adequate. Named Plaintiffs Baker and Jones will have seven (7) days from the date they sign this Agreement to revoke their release of claims under the ADEA, if they so desire. If a Named Plaintiffs Baker and Jones revoke their signature, then they must inform

Defendant's Counsel in writing within forty-eight (48) hours of their decision to revoke. A revocation of the ADEA release by Named Plaintiffs Baker and Jones will not operate as a revocation of any other released claims covered by this Agreement. This Agreement as applied to Named Plaintiffs Baker and Jones shall not become effective or enforceable until this seven (7) day revocation period has expired, without revocation by Named Plaintiffs Baker and Jones.

The general releases set forth in this Section shall be referred to hereinafter as the "General Release". The Named Plaintiffs will be required to execute the General Release Agreement attached hereto as **Exhibit E**, the terms of which are incorporated here as if fully set forth in this Paragraph.

The General Release includes any unknown claims the Named Plaintiffs do not know or suspect to exist in their favor at the time of the General Release Agreement, which, if known by them, might have affected their settlement with, and release of, the Released Parties by the Named Plaintiffs or might have affected their decision not to object to this Settlement or the General Release.

4. **Total Settlement Amount and Separate Class Administration Fund.**

The term Total Settlement Amount shall consist of Nine Hundred and Fifty Thousand Dollars and Zero Cents ($950,000.00), which represents consideration for: (i) Class Members' release of the Released Claims, as defined in Paragraph V(1)(bb); (ii) all Service Payments to the Named Plaintiffs; (iii) all General Release Payments to the Named Plaintiffs; (iv) all attorneys' fees and costs to Class Counsel; and (v) the additional claims settlement administration costs above and beyond the Claims Administration Fund.

In addition to the $950,000.00 Total Settlement Amount, Defendant agrees to fund the Claims Administration Fund in an amount of up to, but not exceeding, One Hundred Thousand Dollars and Zero Cents ($100,000.00) , which shall include but not be limited to: (1) the costs of

printing and mailing the Abridged Notice of Settlement and Claim Form, including any necessary translations, attached hereto as Exhibits B and C respectively, to each Class Member; (2) the costs of postage for the Class Members returning executed Claim Forms; (3) the costs of printing and mailing the Unabridged Notice of Settlement and Claim Form upon the request of any Class Member, including any necessary translation, attached hereto as Exhibit D; (4) the cost of reasonable efforts to locate Class Members; and (5) the costs, if any, associated with processing Claim Forms. Class Counsel shall process Claim Forms as they are returned by Class Members. In the event the claims administration costs, as described in Paragraph V(6) below, are in excess of $100,000.00 ("Additional Claims Administration Costs"), such Additional Claims Administration Costs shall be paid from the Total Settlement Amount. Defendants' total obligation under this Agreement shall not exceed One Million Fifty Thousand Dollars and Zero cents($1,050,000), including but not limited to, the Total Settlement Amount, (which includes General Release Payments, Service Payments, Class Counsels' fees and costs, the Settlement Award Payments and any Additional Claims Administration Costs), and the Claims Administration Fund"

**5.** **Allocation of Total Settlement Amount.**

The Total Settlement Amount ($950,000.00) shall be allocated as follows, subject to Court approval:

(a) Service Payments shall be paid to each of the three Class Representatives in the amount of Two Thousand Dollars and Zero Cents ($2,000.00), not to exceed a total collective amount of Six Thousand Dollars and Zero Cents ($6,000.00);

(b) General Release Payments shall be paid to each of the three Class Representatives in the amount of Six Thousand Dollars and Zero Cents ($6,000.00) – not to exceed a total collective amount of Eighteen Thousand Dollars and Zero Cents ($18,000.00) – in

exchange for each executing the General Release Agreement of all claims against the Released Parties as described herein;

(c)  Up to, but in no case exceeding, twenty-five percent (25%) of the Total Settlement Amount ($237,500.00) shall be paid to Class Counsel for attorneys' fees and costs, subject to Court approval;

(d)  Additional Claims Administration Costs; and

(e)  The remaining amount of the Total Settlement Amount after the deduction of items (a) through (d) above (the "Net Settlement Fund") shall be divided and distributed equally among all Claimants, except in no case shall an individual Settlement Award Payment exceed One Hundred Dollars Eighty and Zero Cents ($180.00) per Claimant.

**6.    Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events listed. The date of preliminary approval is the base timeline for all actions. The parties contemplate presenting this Agreement to the Court on July 28, 2016 at 9:00 a.m. In the event preliminary approval of the Settlement or any deadline set herein is delayed, the Parties shall cooperate in adjusting the timelines stated below to take into account any such delay.

(a)  Within seven (7) days of preliminary approval, Defendant's Counsel shall serve the notices required by 28 U.S.C. § 1715 ("CAFA Notice");

(b)  Within seven (7) days of preliminary approval, Defendant will provide Class Counsel with the Class Data. The names contained in the Class Data shall form the basis of the Class List, attached hereto as **Exhibit A**.

(c)  Within five (5) days of receipt of the Class Data, Class Counsel shall provide Defendant with the calculation of the cost associated with the first printing and mailing of Notice Packets by a third party vendor, along with the basis of said calculation, and

instructions on how to forward payment of said cost to the third party vendor. Class Counsel will also provide Defendant with a calculation of the costs associated with setting up a mailing permit account and the return postage costs of all Class Members returning executed Claim Forms via said account.

(d) Within seven (7) days from receipt of calculation of costs referenced in paragraph V(6)(c), Defendant shall forward a check to Class Counsel made out to the U.S. Postal Service for cost of establishing the mailing permit account with the United States Postal Service ("Settlement Mailing Permit Account") to be used for the costs associated with the return postage for Claim Forms returned by Class Members to Class counsel after the First Mailing of the Notice Packet to Class Members;

(e) Within ten (10) days of providing Defendant the calculation costs associated with the First Mailing of Notice Packet as referenced in paragraph V(6)(c) above, Class Counsel will establish the Settlement Mailing Permit Account;

(f) Within ten (10) days of receipt of the calculation of costs of the FirstMailing of Notice Packets, Defendant shall fund the Settlement Mailing Permit Account in the amount calculated to pay for the return postage costs associated with Class Members returning their executed Claim Forms. Such payment by Defendant shall be made directly to the U.S. Postal Service for the benefit of the Settlement Mailing Permit Account;

(g) Within ten (10) days from receipt of the calculation of costs of the First Mailing of Notice Packets from Class Counsel, Defendant shall forward payment for the costs associated with printing and mailing associated with the costs of the First Mailing of Notice Packets to the third party vendor;

(h)     Within twenty-one (21) days from receipt of the Class Data from Defendant, Class Counsel shall Class Counsel shall cause the address records contained in the Class Data to be checked against the U.S. Postal Service's National Change of Address ("NCOA") database and updated in the Class Data;

(i)     Within twenty-one (21) days from receipt of the Class Data from Defendant, Class Counsel shall cause to be printed a Notice Packet addressed to each Class Member for whom there is a mailing address in the Class Data through a third-party vendor;

(j)     Within fourteen (14) days from the printing of the Notice Packets, Class Counsel shall cause the Notice Packet to be mailed to each Class Member for whom there is an address in the Class Data (the "First Mailing");

(k)     Class Counsel shall notify Defendant's Counsel of all Class Members whose Notice Packets have been returned as undeliverable within twenty one (21) days of the Notice Packet being returned as undeliverable, and provide Defendant's Counsel with: (i) a list of such Class Members for whom a new forwarding address has been obtained; (ii) a calculation of the costs of a Second mailing of Notice Packets to Class Members whose Notice Packets were returned as undeliverable but for whom new addresses have been obtained; and (iii) the basis for this calculation;

(l)     Within five (5) days after receipt of the costs described in Paragraph V(6)(k), Defendant shall fund the Settlement Mailing Permit Account in an amount calculated to pay for all return postage costs associated with the Second Mailing of the Notice Packets to Class Members, and shall forward payment to the third party vendor for all costs associated the printing and mailing of said Notice Packets.  Such payments by Defendant shall be made directly to the U.S. Postal Service and to the third party vendor charged with printing and mailing Notice

18

Packets. The Settlement Mailing Permit Account will funded by transferring the amount identified pursuant to Paragraph V(6)(k) from the Claims Administration Fund first. If additional money is needed to fund the Settlement Mailing Permit Account, it shall be funded by transferring funds from the Total Settlement Amount.

(m)     Within seven (7) days of the funding of the Settlement Mailing Permit Account and the third party vendor in the amount reference in Paragraph V(6)(l), Class Counsel shall cause to be printed and mailed a Second Mailing of Notice Packets to the Class Members identified pursuant to Paragraph V(6)(l) (the "Second Mailing"). If, after this Second Mailing, any Notice Packet for a Class Member is again returned as undeliverable, or if no other forwarding address is available for that Class Member, the notice process shall end for that Class Member, and that Class Member shall not receive a Settlement Award Payment; however, that Class Member will still be bound by this Agreement and will still release claims as identified in Paragraph V(2) of this Agreement;

(n)     Within twenty-one (21) days after the completion of the Second Mailing, Class Counsel shall provide Defendant with a list of the names of all Class Members to whom as Notice Packet was sent, indicating those for whom the Notice Packet was returned as undeliverable;

(o)     The Claim Deadline, the deadline by which claims, objections, or exclusion requests must be postmarked, filed, or faxed to Class Counsel's office at 53 W. Jackson, Suite 701, Chicago, Illinois 60604,  shall be sixty (60) days from the date of the First Mailing;

(p)     Within fourteen (14) days of the Claim Deadline, Class Counsel shall provide the Defendant with a list identifying: (i) each Class Member who submitted a timely and

valid Claim Form; (ii) the Claimant's name; and (iii) the calculation of the Settlement Award Payment for each Claimant ("Settlement Award Calculation");

(q)     If Defendant does not challenge the Settlement Award Calculation within seven (7) days, the Settlement Award Calculation shall be deemed to be accurate;

(r)     Within thirty-six (36) days from the Filing Deadline, Class Counsel shall file a Motion for Final Approval of the Settlement. Unless agreed otherwise, the Parties shall propose December 6, 2016, or an earlier mutually agreed upon as the date for the Fairness and Final Approval Hearing of the Parties' Joint Stipulation and Agreement to Settle Class Action Claims;

(s)     Within ten (10) days of the Effective Date of the Settlement, Defendant shall remit to Class Counsel the amount of attorneys' fees and costs in the amount awarded by the Court, which in no case shall exceed 25% of the Total Settlement Amount ($237,500.00);

(t)     Within twenty-one (21) days of the Effective Date of the Settlement, Defendant shall deliver to Class Counsel via hand-delivery Service Payments and General Release Payments made payable to the Named Plaintiffs;

(u)     Within twenty-one (21) days of the Effective Date of the Settlement, Defendant shall mail a check in the amount of the Settlement Award Payment to each Claimant eligible for a Settlement Award Payment via regular U.S. Mail. The cost of printing and mailing these checks shall be borne by Defendant, and such expense shall not be funded by the Claims Administration Fund and/or the Total Settlement Amount;

(v)     Within twenty-one (21) days of the Effective Date of the Settlement (or at an earlier time, at Defendant's sole discretion), Defendant shall implement the non-monetary relief described in Paragraph V(8) below;

(w)      Within twenty-eight (28) days after Defendant mails Settlement Award Payments to eligible Claimants, Defendant shall provide Class Counsel with a list identifying all Settlement Award Payments mailed, including: (i) the Claimant's name; (ii) the check number; and (iii) a record of any check mailed to a Claimant that was returned as undeliverable or unclaimed.  For any Class Members whose checks are returned as undeliverable, no further Settlement Award Payments will be sent to that Class Member unless a corrected address is provided by Class Counsel to Defendant within fourteen (14) days of Class counsel receiving the above-referenced list of undeliverable or unclaimed checks from Defendant. Class Counsel will use reasonable efforts to locate such Class Members, and Defendant shall promptly mail a replacement check to any such updated address. If the re-issued check is again returned as undeliverable, no further Settlement Award Payments will be issued by Defendant to that Class Member, and said Class Member's Settlement Award Payment will become part of the Remainder. However, that Class Member will still be bound by this Agreement and will release claims as identified in paragraph V(2) of this agreement.

(x)      Each Claimant shall have ninety (90) days from mailing and distribution of Settlement Award Payments to cash the Settlement Award Payment;

(y)      Within sixty (60) days after Defendant makes the first mailing of Settlement Awards Payments to eligible Claimants, Defendant will provide Class Counsel with a report of all Claimants who have cashed their Settlement Award Payment checks to date and the check numbers for said checks.

(z)      Within fourteen (14) days after the deadline to negotiate the Settlement Award Payments, Defendant shall provide Class Counsel with an accounting of all Settlement

Award Payments issued and cashed, which shall include a calculation of any remainder amount ("Remainder Amount") from the Settlement Award Payments not timely cashed by Claimants;

(aa)     Within twenty-eight (28) days after the deadline to cashed the Settlement Award Payments, Defendant shall deliver to the Chicago Bar Foundation, or other non-profit organization approved by the Court, a check made payable to the "Chicago Bar Foundation" in the amount of the Remainder Amount. Defendant shall provide Class Counsel with a copy of the check for the Remainder Amount;

(bb)     Class Counsel shall provide Defendant's Counsel with any invoices from third party vendors reasonably necessary for purposes of conducting any of claims administration process described in sub-paragraphs (a) – (x) in this Section, and Defendant shall pay each such invoice within seven (7) days from the Claims Administration Fund.  As discussed earlier in this Agreement, in the event the costs associated with the claims administration process exceed the amount of the Claims Administration Fund, Defendant shall reimburse such costs from the Total Settlement Amount;

(cc)     At the conclusion of the mailing and processing of claims, any funds from the Claims Administration Fund not utilized in furtherance of actual claims administration costs, including any funds remaining in the Mailing Permit Account, shall be returned to Defendant within fourteen (14) days.  Notably, this reverter pertains only to the Claims Administration Fund, and not to the Total Settlement Amount, which does not revert to Defendant in any way.

**7.     Calculation of Settlement Award Payments and Plan of Allocation for Payment to Class Members and Attorneys' Fees and Costs.**

(a)     By the date specified in Paragraph V(6), above, Defendant shall issue a Settlement Award Payment to each eligible Claimant at the address designated on the Claim Form of each eligible Claimant.  The Settlement Award Payment for each Claimant shall be

calculated by dividing the Net Settlement Fund by the total number of Claimants and distributing either that amount or $180.00, whichever is smaller, to each Claimant;

(b)     Claimants' Settlement Award Payments shall be treated as statutory damages for alleged IDTLSA violations and shall not be subject to any withholdings.  If required by the Internal Revenue Code and its regulations, Defendant shall issue an IRS Form 1099 for the Settlement Award Payment amount to each Claimant for which such tax form is required;

(c)     Defendant shall issue IRS Forms W-2 and 1099 to the Named Plaintiffs for the General Release Payments and Service Payments, as discussed in Paragraph V(9)(d & e) below.

8.     **Implementation of Non-Monetary Relief.**

For a period of two years, beginning twenty-one (21) days following the Effective Date, Defendant shall provide all employees contracted to work at a third party client company located in Illinois with a document to be distributed with Elite's then-existing application packet and displayed at each branch office and on-site office in Illinois, in a font size not less than 9 points:

- **Right to receive a minimum of 4 hours pay for each day assigned**: If you are contracted to work on a particular day by Elite and show up at the assignment but are not utilized, you are entitled to a minimum of 4 hours pay for that shift on that day's assignment.  If, however, Elite reassigns you in that same shift, you are entitled to receive a minimum of 2 hours pay for that assignment. If you appear at a third party client site without having been contracted to work at that client for that day, you are not entitled to 2 or 4 hour minimum pay.

- **Right to review pay records**: If you believe you were not paid for all time you worked, you have the right to review your pay records upon a written request. If you believe that those records are not accurate, you also may review, upon written request, Elite's records reflecting the number of hours billed to Elite's client for your work for the time period that you contend Elite's pay records are not accurate. A written request form is required to be available in any dispatch office, and you will be permitted to inspect the records during business hours within five days after making the request.

- **Right to be paid for all time worked**: You must be paid for all time you work and may not be required to show up at a particular time before the start

23

of your shift. *However, it is your responsibility to be ready to work at the start of your shift and failure to do so may result in disciplinary action, up to and including DNR or termination.*

- **Complaints and questions:** If you believe you were not paid correctly, including but not limited to, not receiving 2 or 4 hour minimum pay, you may either: (a) put your complaint in writing and give it to your branch manager and/or on-site manager; (b) call Elite's payroll hotline at 1-800-423-5595 and press 2; or (c) if you do not get a satisfactory response from the branch manager, on-site manager, or payroll hotline, call Elite's Human Resources Department at 1-800-423-5595 and press 7.

Nothing in this Paragraph shall prohibit Elite from providing and/or posting this document prior to the timeframe discussed in this Paragraph.

9. **Attorneys' Fees Award, Service Payments, and General Release Payments to Class Representatives.**

(a)    Class Counsel shall seek an "Award of Fees and Costs" from the Total Settlement Amount. Class Counsel shall not seek an Award for Fees and Costs in excess of twenty-five percent (25%) of the Total Settlement Amount ($237,500.00).

(b)    The Award of Fees and Costs to Class Counsel, in the amount as approved by the Court, shall be paid by Defendant to the Class Counsel as set forth in Paragraph V(6) and upon receipt of an executed IRS Form W-9 for Class Counsel's firm.

(c)    Defendant's payment of the Award of Fees and Costs to Class Counsel, as awarded by the Court, shall constitute full satisfaction of Defendant's obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the Class Action incurred by any attorney on behalf of Named Plaintiffs and the Class Members, and shall relieve Defendant, the Total Settlement Amount, the Claims Administration Fund, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of Named Plaintiffs and the Class Members. In exchange for such payment, Class Counsel will

remise, release, and forever discharge any attorneys' lien on the Total Settlement Amount and/or the Claims Administration Fund.

(d)     Class Representatives may apply for a "Service Payment" in an amount not to exceed Two Thousand Dollars and Zero Cents ($2,000.00) to each of the three Class Representatives – not to exceed Six Thousand Dollars and Zero Cents ($6,000.00) total – to be paid from the Total Settlement Amount as recognition for the time and effort spent in pursuing the Action. Named Plaintiffs will be issued an IRS form 1099 for this payment.

(e)     Defendant shall also pay a "General Release Payment" in the amount of Six Thousand Dollars ($6,000.00) to each of the three Class Representatives who executes the General Release Form attached hereto as **Exhibit E** – not to exceed Eighteen Thousand Dollars and Zero Cents ($18,000.00) total – as consideration for each of the three Class Representatives releasing all claims known or unknown as to Defendant as described in Paragraph V(3). Named Plaintiffs will receive an IRS form W-2 for 30% of this payment and an IRS form 1099 for 70% of this payment.

(f)     Any Service Payments and General Release Payments shall be paid to the Class Representatives at the same time each receives his or her Settlement Award Payment. The Service Payments and General Release Payments shall be separate and apart from any Settlement Award Payment for which each of the Named Plaintiffs qualifies as a Class Member.

**10.     Additional Claims.**

No person shall have any claim against Defendant, Defendant's Counsel, the Named Plaintiffs, the Class, or Class Counsel based on distributions and payments made in accordance with this Agreement.

11.    **Notice/Approval of Settlement and Settlement Implementation.**

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Class Members, obtaining final Court approval of the Settlement, and processing the Settlement Award Payments:

(a)    Preliminary Approval Hearing. Plaintiffs shall move for preliminary approval of the Settlement, to be noticed on July 28, 2016, or on another mutually agreeable date. Plaintiffs shall seek a hearing before the Court to request preliminary approval of the Settlement ("Preliminary Approval Order" or "Order"), attached hereto as **Exhibit F**.    In conjunction with their Unopposed Motion for Preliminary Approval, Plaintiffs shall submit to the Court this Agreement, which sets forth the terms of this Settlement. This Agreement also includes proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

(b)    Notice to Class Members. Class Notice of the Settlement shall be provided to Class Members, as set forth in Paragraph V(6) and Class Members shall submit any objections to the Settlement and/or requests for exclusion from the Class using the procedures set forth in this Paragraph and in Paragraph V(12):

(1)    Settlement Administration. The Parties shall jointly administer the Settlement on the timetable specified in Paragraph V(6) above and shall perform such other tasks as the Parties mutually agree, as set forth in this Agreement or as the Court orders the Parties to perform in the administration of the Settlement.

(2)    Notice By Mail. On the timetable specified in Paragraph V(6) above, Class Counsel shall cause to be mailed a copy of the Notice Packet to all Class Members via U.S. Regular mail, together with a postage prepaid, self-addressed envelope for the return of the Claim Form to Class Counsel. Notice Packets that are returned to Class Counsel as

undeliverable shall be mailed to any forwarding address obtained by Class Counsel as specified in Paragraph V(6). In the event the procedures in this Paragraph and Paragraph V(6) are followed and the intended recipient of a Notice Packet still does not receive the Notice Packet, the intended recipient shall remain a Class Member and shall be bound by all terms of the Settlement, including, but not limited to the Release contained in Paragraph V(2) and any Final Judgment entered by the Court, if the Settlement is approved by the Court.

12. **Procedures for Objecting to or Requesting Exclusion from the Settlement.**

(a) <u>Procedure for Objecting</u>. The Class Notice shall provide Class Members who wish to object to the Settlement with information on how to do so. Any Class Member who wishes to object to the Settlement must mail a written statement objecting to the Settlement to the Clerk of the Court and Class Counsel. Such written statement must be postmarked no later than sixty (60) calendar days after the First Mailing. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, shall have been postmarked and mailed to the Clerk of the Court and Class Counsel on or before the Claim Deadline. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. Within seven (7) days of the expiration of the Claim Deadline, Class Counsel shall provide Defendant's counsel copies of all written statements, objections, and briefs. Class Members who fail to submit timely written objections in the manner specified above shall be

deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

        (b)    <u>Procedure for Requesting Exclusion ("Opt Outs")</u>. The Class Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class on or before the Claim Deadline. Such written request for exclusion: (i) must contain the name, address, telephone number, and the last four digits of the Social Security number of the person requesting exclusion; (ii) must be returned by mail to Class Counsel; and (iii) must be postmarked on or before the Claim Deadline. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Class Member who opts out of the Class will not be entitled to any recovery under the Settlement (including, but not limited to, receipt of any Settlement Award Payment) and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. Class Members who fail to submit a valid and timely request for exclusion on or before the Claim Deadline shall be bound by all terms of the Settlement and any Final Judgment entered in this Class Action if the Settlement is approved by the Court, regardless of whether they have requested exclusion from the Settlement. No later than seven (7) days after the Claim Deadline, Class Counsel shall furnish to Defendant's Counsel and the Court a complete list of all Class Members who have timely requested exclusion from the Class.

        (c)    Any Class Member who has not returned a Claim Form, but has also not filed an objection or requested an exclusion within 60 days of the First Mailing of Notice Packets, will be deemed to be bound by the terms of the Settlement, and any Final Judgment

entered in this Class Action if the Settlement is approved by the Court, but will not be entitled to any Settlement Award Payment.

**13.**     **No Solicitation of Settlement Objections or Exclusions.**

The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall either Party or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement, request exclusion from the Class, or appeal the Court's Final Judgment.

**14.**     **Communications Between Class Counsel and Putative Class Members**

Class Counsel shall respond to any communications or inquiries by any Class Members. Class Counsel, as the Party responsible for issuing and processing the Class Action's Class Notice and Claim Forms, shall have the right to contact any Class Member to request additional information for purposes of determining the validity of any claim and may respond to requests from Class Members for assistance in completing the Claim Form.   Class Counsel shall not communicate with Class Members in any way that would violate this Agreement and/or violate an Order of this Court.

**15.**     **Final Settlement Approval Hearing and Entry of Final Judgment.**

Upon expiration of the Claim Deadline, the Court shall set a date and time to hold a Fairness Hearing to determine whether final approval of the Settlement is appropriate, along with approving the amount payable for: (i) Attorneys' Fees and Costs Award; (ii) General Release Payments to the Class Representatives; (iii) Service Payments to the Class Representatives; (iv) Additional Claims Administration Costs; and (v) Settlement Award Payments.   Upon final approval of the Settlement by the Court, the Parties shall submit a proposed Final Judgment and Order of Dismissal with Prejudice to the Court for its approval.

16. **Remainder Amount.**

(a)     A Class Member who submits a valid and timely request for exclusion will not receive a Settlement Award Payment.

(b)     Defendant will make reasonable efforts to deliver Settlement Award Payment checks as specified in this Agreement. Defendant will forward any returned checks to any forwarding address or other address provided by Class counsel, pursuant to Paragraph V(6)(v).

(c)     As specified in Paragraph V(6), Class Members will have ninety (90) calendar days after the initial mailing of their Settlement Award Payments to cash his/her check. If any Class Member's Settlement Award Payment checks are not cashed within that 90-day period, the checks will be void and a stop payment order may be placed on the check at Defendant's expense.  The Settlement Award Payment checks issued by Defendant will state that said checks will not be valid after 90 days from date of issuance. In such event, any Class Member whose check was not cashed will be deemed to have waived irrevocably any right in or claim to his or her Settlement Award Payment, but the Settlement, including, but not limited to, the Release provided in Paragraph V(2) and any Final Judgment, nevertheless will be binding upon the Class Member.

(d)     If Defendant is unable to deliver a Settlement Award Payment check to a Class Member, or if a Settlement Award Payment check is not cashed within ninety (90) calendar days after it is mailed to the Class Member, the amount of such Settlement Award Payment shall become part of the Remainder Amount.

(e)     Any funds remaining in the Net Settlement Fund after Claimants have received their Settlement Award Payment in an amount not to exceed One Hundred Eighty

Dollars and Zero Cents ($180.00) per Claimant, shall also become part of the Remainder Amount.

### 17. **Defendant's Legal Fees and Settlement Administration Costs.**

All of Defendant's own legal fees, costs and, expenses incurred in this Action shall be borne by Defendant. Defendant's costs of processing Settlement Award Payments, including the printing and mailing of checks and processing of any IRS forms, shall be borne by Defendant and shall not be reimbursed from the Total Settlement Amount or Claims Administration Fund. The Parties agree to cooperate in the claims administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in claims administration of the Settlement.

### 18. **Nullification of Settlement Agreement.**

In the event (i) the Court does not enter any of the orders specified herein, (ii) the Court does not preliminarily or finally approve the Settlement and enter a Final Judgment as provided herein, or (iii) the Settlement does not become final for any other reason (*e.g.*, if it is appealed), this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be null and void, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and materials pertaining to this Agreement or the settlement of the Lawsuit will be inadmissible. In such an event, the Parties agree in good faith to negotiate about appropriate revisions to the Agreement and re-submit the revisions to this Agreement for the Court's approval. In the event this Agreement is never approved by the Court or overturned on appeal, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and materials pertaining to the settlement of the Lawsuit will be inadmissible. Any costs already incurred in the administration of the Settlement shall remain the sole responsibility of Defendant and shall not be reimbursed by

Plaintiffs, the Class, or Class Counsel; nor shall Defendant be responsible for reimbursing or paying any costs or fees Class Counsel has incurred. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Final Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

**19.     Exhibits and Headings.**

The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

**20.     Interim Stay of Proceedings.**

The Parties agree to hold all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Settlement Hearing to be conducted by the Court. In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified under the circumstances set forth in Paragraph V(18) above, neither party need serve or respond to discovery, amend pleadings, file responsive pleadings, or file motions.

**21.     Amendment or Modification.**

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

**22.     Entire Agreement.**

This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties, or inducements have been made to any

32

Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

     **23.**    **Authorization to Enter Into Settlement Agreement.**

     Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement, sign this Agreement, and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court or the mediator (Honorable Morton Denlow (ret.)) to resolve such disagreement.

     **24.**    **Binding on Successors and Assigns.**

     This Agreement shall be binding upon, and inure to the benefit of, the successors, or assigns of the Parties hereto, as previously defined.

     **25.**    **Illinois Law Governs.**

     All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Illinois.

     **26.**    **Counterparts.**

     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

27. <u>**This Settlement is Fair, Adequate, and Reasonable.**</u>

The Parties agree that this Settlement is a fair, adequate, and reasonable settlement of this Action and have arrived at this Settlement in arm's length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations, including formal mediation with the Honorable Morton Denlow (ret.).

28. <u>**Jurisdiction of the Court.**</u>

The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement, and all orders and judgments entered in connection therewith. The Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

29. <u>**Cooperation and Drafting.**</u>

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

30. <u>**Invalidity of Any Provision.**</u>

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents, so as to define all provisions of this Agreement valid and enforceable.

31. <u>**Circular 230 Disclaimer.**</u>

Each Party to this Agreement (for purposes of this Paragraph, the "Acknowledging Party" and each party to this Agreement other than the Acknowledging Party, and "Other Party") acknowledges and agrees that: (i) no provision of this Agreement, and no written communication or disclosure between or among the parties or their attorneys and other advisers, is or was

intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (ii) the acknowledging party (A) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement, (B) has not entered into this Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (iii) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this agreement.

DATED: July __, 2016.                    WORKERS' LAW OFFICE, P.C.


                                         By: _____
                                              CHRISTOPHER J. WILLIAMS
                                              Attorney for Plaintiffs

DATED: July __, 2016.                    LANER MUCHIN, LTD.


                                         By: _____
                                              SARA P. YAGER
                                              Attorney for Defendant

35

# **EXHIBIT A**

## **CLASS LIST**

### ***TO BE FILED SEPARATELY***

## EXHIBIT B [Abridged Notice]

## NOTICE OF CLASS ACTION SETTLEMENT

*Una copia de la Notificación Completa está disponible en Español. Para obtenerla llame al 312-795-9120.*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | *Baker et al. v. Elite Staffing, Inc.* |
| **NORTHERN DISTRICT OF ILLINOIS** | c/o Workers' Law Office P.C. |
| **EASTERN DIVISION** | PO Box _____ |
| **CASE NO. 15 C 3246** | Chicago, Illinois 606__-____ |

### WHY YOU ARE RECEIVING THIS NOTICE

A Class Action lawsuit was filed against Elite Staffing, Inc., ("Elite"), on April 13, 2015 alleging that Elite's practices violated the rights of Plaintiffs and similarly situated employees under the Illinois Day and Temporary Labor Services Act ("IDTLSA") by not paying a minimum of four hours to its employees on days when they were contracted by Elite to work at a third party client company but were not utilized, and by not providing it employees with an employment notice (and/or by not providing its employees with an accurate employment notice), as required by the IDTLSA. Elite denied that its practices violated the law and denied liability in the lawsuit. A settlement has been reached in this lawsuit, and Defendant has agreed to pay $950,000.00 (the "Total Settlement Amount") to settle the claims raised in the suit. Records reflect that you are a member of the Class of workers affected by the alleged practices because you were a day and temporary laborer employed by Elite Staffing, Inc. and assigned to or placed at a client company in Illinois from April 13, 2012 through April 13, 2015.

**Accordingly, you are eligible to receive a monetary award under the Settlement of this lawsuit by completing the attached Claim Form and timely mailing it to the Settlement Administrator. To receive your share of the Net Settlement Fund, you <u>must</u> mail the attached Claim Form not later than, XXXXX. The Claim Form must be signed and returned, without alteration or amendment. If you accurately complete and timely submit the attached Claim Form you will receive you share of the Net Settlement Fund, which will be distributed in equal shares (up to an amount not to exceed $180.00 per Claimant) amongst Class Members who timely returned a valid Claim Form.**

- If 100% of Class Members file Claims, each Claimant would receive a settlement award of approximately $7.17;
- If 50% of Class Members file Claims, each Claimant would receive a settlement award of approximately $14.35;
- If 25% of Class Members file Claims, each Claimant would receive a settlement award of approximately $28.17;
- Claim rates in past settlement agreements reached in this district involving the IDLTSA have ranged between 5% and 36%.

The Parties agree that each Claimant's Settlement Award Payment will be considered statutory penalties and may be reported as such on an IRS Form 1099 if/when mandated by the Internal Revenue Service. Claimants shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes, if any, on payments received pursuant to this Settlement.

In addition to the monetary award that Class Members may receive pursuant to the Settlement between the Parties, Defendant has also agreed to implement strong injunctive relief aimed at preventing the alleged violations in this matter by distributing an education document amongst its employees with their then-current application packets, as well as by posting the document in Defendant's on-site and branch offices located in Illinois, informing employees of their right to: (a) receive four hour minimum pay each day they are contracted to work at a client but utilized, unless they are reassigned in the same shift, in which case they are entitled to a minimum of two hours; (b) review their payroll records upon written request; (c) be paid for all time worked; and (d) report inaccurate pay.

**If this information is accurate,** fill out and mail the attached Claim Form – no postage required. **You may also exclude yourself from the Settlement or object to the terms of the Settlement.** By executing this release you will be releasing all claims arising under the IDTLSA that were and could have been brought against Defendant Elite, excluding any claims arising under Sections 15, 20, 25, 40, 90, 95(a)(1), 95(a)(3), and 95(a)(4) (except for attorneys' fees and costs relating to the released claims, which will be released) of the IDTLSA. Any claims that you may have as to Defendant's third party client companies (but not against Elite), arising under the IDTLSA are excluded from this release. To exclude yourself from the Settlement, you must submit the following written statement: "I request to be excluded from the settlement in *Baker, et al. vs. Elite Staffing, Inc.,* Case No. 15-CV-3246 (USDC Northern District of Illinois, Eastern Division)." You must also include your full name, address, telephone number, and the last four digits of your social security number, and you must personally sign the letter. The statement must be signed by you, dated, and returned to Class Counsel "Workers' Law Office P.C.", at the designated P.O. Box, and postmarked no later than **(Insert Date)**. If you exclude yourself, you cannot receive money from this Settlement.

37

PLEASE NOTE: This is only a summary of the settlement terms. An unabridged Notice is available that provides the details of this lawsuit and settlement. To obtain a copy of the unabridged Notice, contact Class Counsel at (XXX) XXX-XXXX.

**FILE THE ATTACHED CLAIM FORM WITH A POSTMARK NO LATER THAN INSERT DATE**

------------------------------------------------------------------

**EXHIBIT C [Claim Form]**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**
***Baker, et al. v. Elite Staffing, Inc.***
**Case No. 15 C 3246**

## CLAIM FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):

<<NAME>>                                          _____
<<ADDRESS>>                                    _____
<<CITY>>,<<ST>><<ZIP>>              _____
( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___      ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
  Area Code  Daytime Telephone Number              Area Code  Evening Telephone Number

If your name or address is different from those shown above, print the corrections on the lines to the right.
**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY.**
**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED.**
**YOU MUST <u>SIGN</u> AND <u>MAIL</u> THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE**
**INCLUDED, OR MAIL IT TO THE ADDRESS BELOW NO LATER THAN <mark>INSERT DATE</mark>.**

I.        INSTRUCTIONS:

1.        You must <u>complete, sign and mail</u> this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before the date above or it will be rejected.
2.        After you submit your Claim Form, you may be contacted with a request for any additional information.
3.        If you move, please send the Class Counsel your new address. It is your responsibility to keep a current address on file with the Class Counsel.

II.       <u>WAIVER AND RELEASE</u>:

By signing below, I hereby acknowledge that, upon the Court granting final approval of the Class Settlement, or in the event of an appeal of such order, the final appellate order upholding the Court's Order, I will have released and discharged Elite Labor Services Ltd. d/b/a Elite Staffing, Inc., and its parents, subsidiaries, divisions, successors, heirs and assigns, and affiliated companies doing business as Elite Staffing or Elite Labor Services, except that "Defendant" or "Elite" does not include any other company that employed a Class Member before it was acquired by Elite. , from all claims arising under the Illinois Day and Temporary Laborer Services Act that were and could have been brought against Defendant Elite, excluding any claims arising under Sections 15, 20, 25, 40, 90, 95(a)(1), 95(a)(3), and 95(a)(4) (except that any claim for attorneys' fees and costs relating to the released claims are also released) of the Illinois Day and Temporary Labor Services Act. Any claims that you may have as to Defendant's third party client companies (but not against Elite), arising under the IDTLSA, are excluded from this release.

X X X — X X — ___ ___ ___ ___              _____
Social Security Number or Employee Identification Number                    Former or Alternate Names (if any)

x_____              Date Signed: _____
(Sign your name here)

---

**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A SETTLEMENT AWARD PAYMENT.*

---

<u>EXHIBIT D</u> [Unabridged Notice]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STARLET BAKER, CHARLES LOVETT, and FREDRICK JONES, on behalf of themselves and all other persons similarly situated, known and unknown, | ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) Case No. 15 CV 3246 |
| v. | ) <br> ) Judge Leinenweber |
| ELITE STAFFING, INC., | ) <br> ) |
| Defendant. | ) |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
<u>FAIRNESS HEARING</u>**

> **TO: All day or temporary laborers who have been employed by Elite Staffing, Inc. and assigned to or placed at a client company in Illinois from April 13, 2012 through April 13, 2015.**

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Class Member, It Contains Important Information as to Your Rights.**

> **IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS DESCRIBED BELOW, YOU MUST COMPLETE AND RETURN THE CLAIM FORM TO CLASS COUNSEL WITH A POSTMARK DATE NO LATER THAN 60 DAYS FROM THE DATE ON THE CLAIM FORM.**

**1. What is this Notice about?**

This Notice is to tell you about the Settlement of a "class action" lawsuit that was filed against Elite Staffing, Inc., ("Elite" or "Defendant") and to tell you about a "Fairness Hearing" before Judge Harry D. Leinenweber on Insert Date, 2016 at 9:00 a.m. in Courtroom 1941 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois

60604, to determine whether the proposed settlement (the "Settlement") described in the Joint Stipulation and Agreement to Settle Class Action Claims fairly resolves the claims against Defendant, as explained below.

## 2.     What is the Lawsuit about?

On April 13, 2015, a class lawsuit was filed in federal court and is currently entitled *Baker et al. v. Elite Staffing, Inc.,* Case No. 15 CV 3246 (the "Lawsuit", "Class Action", or "Litigation").

In the Lawsuit, the Plaintiffs brought the following claims: (1) a claim that Defendant failed to pay them federal and Illinois-mandated minimum and overtime wages for all time worked in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") (the "Alleged Minimum Wage Violations"); (2) a claim that Defendant failed to provide Plaintiffs with an Employment Notice (and/or failed to provide Plaintiffs with an accurate Employment Notice) in violation of the Illinois Day and Temporary Labor Services Act ("IDTLSA"), 820 ILCS 175/1, *et seq.* (the "Alleged Employment Notice Violation"); and (3) a claim that Defendant failed to compensate Plaintiffs for a minimum of four hours at their regular rate of pay on days that they were contracted by Defendant to work for a third party client company but were not utilized, in violation of the IDTLSA (the "Alleged Four Hour Minimum Pay Violation"). On April 15, 2015, Plaintiffs filed an Amended Complaint making the above-referenced allegations on a class-wide basis.

Elite denies all of the allegations in the Lawsuit, and no court has made a determination as to merits of Plaintiffs' claims. However, the Parties exchanged a voluminous amount of documents and information in the course of this litigation which was used to explore settlement. After an all-day mediation held on May 9, 2016 with the assistance of the Magistrate Judge Morton Denlow (retired), the Parties reached a tentative agreement on settlement of the IDTLSA claims on a class-wide basis.

## 3.     Why did I get this Notice?

You received this Notice because the lawyers for the Plaintiffs and Defendant identified you as a person in the Class, defined as:

All day or temporary laborers who have been employed by Elite Staffing, Inc. and assigned to or placed at a client company in Illinois from April 13, 2012 through April 13, 2015.

If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation in the form of a Settlement Award Payment, as described below.

**4.      What is the "Settlement" and how was it agreed upon?**

The Settlement is a compromise of Plaintiffs' claims in the Lawsuit and is not to be construed as an admission of liability on the part of Defendant. The Court has granted preliminary approval of the Settlement, and the Named Plaintiffs and Defendant (collectively, the "Parties") are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Total Settlement Amount, which is $950,000.00. Plaintiffs believe that the claims asserted in the Lawsuit have merit. Defendant does not believe that the claims asserted in the Lawsuit have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendant in this Lawsuit.

Substantial amounts of time, energy, and other resources have been devoted by the Parties in prosecuting and in defending the Lawsuit. Unless there is a Settlement, the Lawsuit will continue. In settlement negotiations, the Parties have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Parties believe that the Settlement is the best way to resolve the Litigation while minimizing further expenditures.

The Parties and their attorneys believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all Parties, including the Class.

**5.      What are the terms of the Settlement and what am I entitled to recover?**

Defendant has agreed to pay a Total Settlement Amount of Nine Hundred and Fifty Thousand Dollars and Zero Cents ($950,000.00) (the "Total Settlement Amount"), as described in the Joint Stipulation and Agreement to Settle Class Action Claims to resolve all claims in this Lawsuit. Each Class Member shall be allocated an equal share of the Total Settlement Amount (up to a maximum of $180.00 per Claimant) after the Total Settlement Amount has been reduced by: (1) the Two Thousand and Zero Cents ($2,000.00) Court-approved payments to each of the three Named Plaintiffs for their service to the Class; (2) the Six Thousand and Zero Cents ($6,000.00) payments to each of the three Named Plaintiffs as consideration for executing full releases of all claims as to Defendant; (3) reasonable attorneys' fees and costs to Class Counsel, as awarded by the Court (which shall be no more than 25% of the Total Settlement Amount); and (4) Additional Claims Administration Costs above the Claims Administration Fund. The Total Settlement Amount as reduced by the foregoing amounts is referred to in this Notice as the "Net Settlement Fund." Additionally, Defendant has agreed to pay the costs associated with claims administration in this matter in an amount up to One Hundred Thousand and Zero Cents ($100,000.00) (the "Claims Administration Fund"). The purpose of the Claims Administration Fund is to pay for the costs associated with administering the claims only.

As part of the Settlement:

- The Net Settlement Fund shall be distributed equally among all class members who submit a

42

timely and complete Claim Form ("Claimants"), up to an amount not to exceed $180.00 per Claimant.

- Defendant has also agreed to non-monetary relief aimed at preventing any violations alleged in this lawsuit. Within twenty-one (21) days of the effective date of this Settlement, Defendant shall begin providing all employees contracted to work at a third party client company located in Illinois with a document to be distributed with Elite's then-existing application packet and displayed at each branch office and on-site office in Illinois in a font size not less than 9 points:

> **Right to receive a minimum of 4 hours pay for each day assigned**: If you are contracted to work on a particular day by Elite and show up at the assignment but are not utilized, you are entitled to a minimum of 4 hours pay for that shift on that day's assignment. If, however, Elite reassigns you in that same shift, you are entitled to receive a minimum of 2 hours pay for that assignment. If you appear at a third party client site without having been contracted to work at that client for that day, you are not entitled to 2 or 4 hour minimum pay.
>
> **Right to review pay records**: If you believe you were not paid for all time you worked, you have the right to review your pay records upon a written request. If you believe that those records are not accurate, you also may review, upon written request, Elite's records reflecting the number of hours billed to Elite's client for your work for the time period that you contend Elite's pay records are not accurate. A written request form is required to be available in any dispatch office, and you will be permitted to inspect the records during business within five (5) days after making the request.
>
> **Right to be paid for all time worked**: You must be paid for all time you work and may not be required to show up at a particular time before the start of your shift. *However, it is your responsibility to be ready to work at the start of your shift and failure to do so may result in disciplinary action, up to and including DNR or termination.*
>
> **Complaints and questions:** If you believe you were not paid correctly, including but not limited to, not receiving 2 or 4 hour minimum pay, you should either: (a) put your complaint in writing and give it to your branch manager and/or on-site manager; (b) call Elite's payroll hotline at 1-800-423-5595 and press 2; or (c) if you do not get a satisfactory response from the branch manager, on-site manager, or payroll hotline, call Elite's Human Resources Department at 1-800-423-5595 and press 7.

Defendant will mail Settlement Award Payments directly to eligible Claimants. The Settlement Award Payment made to each Claimant shall be treated as statutory damages for alleged IDTLSA violations and shall not be subject to any withholdings. If/when required by the Internal Revenue Code and its regulations, Defendant shall issue an IRS Form 1099 for the Settlement Award Payment amount to each Claimant when required to do so. Claimants shall be solely responsible for the reporting and payment of their share of any federal, state or local income or other taxes, if any, on payments received pursuant to this settlement.

**7.      How do I receive a Settlement Award?**

To receive a part of the Net Settlement Fund, you must complete and sign the Claim Form without altering or changing it, and return it to the Class Counsel postmarked no later than 60 days from the date the Claim Form was mailed to you – the date indicated on the Claim Form. *If you do not timely complete and return a signed and completed Claim Form, you will not receive a monetary settlement payment from the Net Settlement Fund.*

**8.      Am I required to participate in the Settlement?**

No, you may do nothing and you will remain a member of the class and bound by the Settlement, but you will not receive a check as a Settlement Payment Award.

No, alternatively you may "opt-out" of the Settlement if you comply with the opt-out procedure.  To opt-out, you must file with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, 20th Floor, Chicago, IL 60604, a written statement expressing your desire to be excluded from the Settlement in *Baker et al. v. Elite Staffing, Inc.,* Case No. 15 CV 3246, no later than sixty (60) days from the date the Claim Form was mailed to you. The written statement must include: (1) your name; (2) current address and current telephone number; (3) last four digits of your social security number; and (4) specifically state your desire to be excluded from the settlement.

**If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you if you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

You must mail copies of the "opt-out" statement to Class Counsel at the address listed below.

> **Class Counsel**
> Christopher J. Williams
> Alvar Ayala
> Workers Law Office, P.C.
> 53 W. Jackson Blvd. Suite 701
> Chicago, IL, 60604

**9.      When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable Judge Harry D. Leinenweber on Insert Date, 2016 at 9:00 a.m. in Courtroom 1941 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be continued from time to time as the Court may direct, without further notification.

If you are a member of the Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely opt-out request as described in Section 8 above.

**10.     What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the Lawsuit is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Lawsuit dismissed. **Any member of the Class who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any member of the Class who has not validly and timely opted-out of the Settlement but who objects to the proposed Settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the Lawsuit with prejudice. No attorneys' fees will be paid by Class Counsel or Defendant to an objector's counsel for any work related to an objection to this Settlement.

No member of the Class will be heard or entitled to object to the Settlement and no papers or briefs submitted by any such Class Member will be received or considered by the Court, unless no later than ==Insert Date, 2016,== the Class Member files with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, IL 60604, and serves upon Class Counsel, a written notice of intention to appear at the Fairness Hearing and include copies of all papers and briefs proposed to be submitted at the Fairness Hearing.  Any documents filed with the Court must be mailed to Class Counsel at the address listed in Section 8 above.

Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

YOU ARE NOT REQUIRED TO ATTEND THIS FAIRNESS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

**11.     What rights am I giving up if I participate in the Settlement?**

Class Members who do not opt-out of the Settlement (whether or not such members submit Claim Forms) will release and discharge, on behalf of themselves and their heirs, legatees, personal representatives, and assigns, Elite Labor Services Ltd. d/b/a Elite Staffing, Inc., and its parents, subsidiaries, divisions, successors, heirs and assigns, and affiliated companies doing business as Elite Staffing or Elite Labor Services, except that "Defendant" or "Elite" does not include any other company that employed a Class Member before it was acquired by Elite , from all claims arising under the IDTLSA that were and could have been

brought in the Lawsuit, excluding any claims arising under Sections 15, 20, 25, 40, 90, 95(a)(1), 95(a)(3), and 95(a)(4) (except that any claim for attorneys' fees and costs relating to the released claims are also released) of the IDTLSA. Any claims that Class Members may have as to Defendant's third party client companies (but not Elite) are explicitly excluded from this release.

**12.    How are the lawyers for the Class paid?**

Class Counsel will petition the Court for reimbursement of reasonable attorneys' fees and costs from the Settlement Amount, not to exceed 25% of the Total Settlement Amount, for all past and future legal work and costs incurred in this Litigation through final approval of the Settlement, as set forth in the Settlement Agreement.

**13.    What if the Court does not approve the Settlement?**

If the Court does not approve the Settlement, the case will proceed as if no Settlement has been attempted, and there can be no assurance that the Class will recover more than is provided for in the Settlement, or indeed, anything.

**14.    Can I review a copy of the Settlement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the Lawsuit and the proposed Settlement, you may review the pleadings and other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court. All inquiries by Class Members about the Settlement should be directed to Class Counsel by calling, writing or emailing:

Christopher J. Williams
Alvar Ayala
Workers Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
312-795-9120
info@wagetheftlaw.com

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated:  BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

> **Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY SETTLEMENT AWARD PAYMENT.*

**EXHIBIT E:**

**GENERAL RELEASE AGREEMENT BETWEEN NAMED PLAINTIFF AND ELITE**

  This General Release Agreement Between Named Plaintiff And Elite ("General Release Agreement") is entered into between _____ (the "Plaintiff" or "Named Plaintiff"), and Elite Staffing, Inc. (the "Company" or "Defendant") (collectively referred to as the "Parties"), to completely settle and resolve all issues between the Parties relating to unpaid wages alleged by Plaintiff, and any other claims in accordance with the terms of this General Release Agreement, as follows:

  WHEREAS, Plaintiff filed a lawsuit against the Company alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, Case No. 15 CV 3246, and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1, *et seq.*, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendant has denied each and every allegation in the Lawsuit, and denied that it in any way violated the listed statutes, or was otherwise liable to Plaintiff.

  WHEREAS, Plaintiff and Defendant now desire to avoid further litigation between them and, by this General Release Agreement, intend to resolve all matters raised in the Lawsuit by Plaintiff against Defendant, as well as all claims generally against the Released Parties.

  Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

**1.**    **General Release Payment**

  (a)    In consideration for the promises in this General Release Agreement, Defendant shall pay Plaintiff the gross sum of Six Thousand Dollars and Zero Cents ($6,000.00), as provided in this Paragraph (the "General Release Payment"). Payment of the General Release Payment is contingent upon Plaintiff signing this General Release Agreement, final approval of this General Release Agreement and the Class Settlement in this Lawsuit by the Court, dismissal of the Lawsuit as provided in Paragraph 3 of this General Release Agreement, and the seven-day revocation period contained in Paragraph 5 has expired without revocation by Plaintiff. The General Release Payment shall be made and distributed as follows:

  (b)    Within fourteen (14) days after approval of this General Release Agreement by the Court, final approval of the Class Settlement in the Lawsuit by the Court, and dismissal of the Lawsuit as provided in Paragraph 3 of this General Release Agreement, and provided that Plaintiff has signed this General Release Agreement and the seven-day revocation period contained in Paragraph 5 has expired without revocation by Plaintiff, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

i.      One check payable to "" in the gross amount of One Thousand Eight Hundred Dollars and Zero Cents ($1,800.00), less required legal withholdings as payment for any alleged unpaid wages.  The Company shall issue Plaintiff an IRS Form W-2 for this payment.

ii.      One check payable to "_____" in the gross amount of Four Thousand Two Hundred Dollars and Zero Cents ($4,200.00) as payment for liquidated damages, penalties, and other consideration.  The Company shall issue Plaintiff an IRS Form 1099 for this payment.

**2.      Release and Covenant Not to Sue**

(a)      To the greatest extent permitted by law, Plaintiff, on behalf of him/herself and his/her agents, heirs, and assigns, hereby waives, releases and promises never to assert in any forum any and all claims that were or could have been asserted in the Lawsuit and all other claims relating to Plaintiff's employment with Defendant, whether asserted or not asserted, which Plaintiff ever had or may presently have against Defendant or any of the other Released Parties arising from the beginning of time up to and through and including the date Plaintiff executes this General Release Agreement, including claims concerning or in any way related to any alleged unpaid minimum wage, straight time wage, overtime wage, final compensation, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as amended, the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1, *et seq.* ("IDTLSA") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), and any and all other state, federal or local statutes, regulations, ordinances, etc., or common law claims.

(b)      This release and covenant not to sue also includes any tort, and any and all claims Plaintiff may have arising from any federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law, and all claims under the Age Discrimination in Employment Act.

(c)      The Company waives, releases and promises never to assert in any forum any and all claims that were or could have been asserted in the Lawsuit and all other claims against Plaintiff, whether asserted or not asserted, which the Company ever had or may presently have against Plaintiff arising from the beginning of time up to and through and including the date the Company signs this General Release Agreement.

(d)      Plaintiff understands and agrees that s/he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendant, this General Release Agreement or the General Release Payment, except in an action instituted by either party alleging a breach of this General Release Agreement or in the proceedings

relating to certification and approval of the Joint Stipulation and Agreement to Settle Class Claims in this Lawsuit.

(e)     Except as otherwise stated herein, Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against

Elite Labor Services Ltd. d/b/a Elite Staffing, Inc., and its parents, subsidiaries, divisions, successors, heirs and assigns, affiliated companies doing business as Elite Staffing or Elite Labor Services, and their past, present and future directors, officers, members, agents, owners, attorneys, employees, representatives, trustees, administrators, insurers, and fiduciaries, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

(f)     This General Release Agreement includes and extinguishes all claims Plaintiff may have for equitable and legal relief, attorneys' fees and costs.  More particularly, Plaintiff acknowledges that this General Release Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party."   Moreover, Plaintiff specifically intends and agrees that this General Release Agreement fully contemplates his/her claims for attorneys' fees and costs, and he hereby waives, compromises, releases and discharges any such claims and liens.

(g)     Plaintiff promises and covenants that s/he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release, except that the Release and Covenant Not to Sue provisions in this Paragraph do not prohibit Plaintiff from filing a lawsuit under the Age Discrimination in Employment Act wherein Employee challenges whether the release is knowing and voluntary or from filing a complaint or charge with any government agency responsible for enforcing discrimination laws or from cooperating with any such agency's investigation.   However, Plaintiff waives any right to any form of recovery, compensation or other remedy in any action brought by him or on his behalf.

(h)     Nothing in this release and covenant not to sue restricts the Plaintiff's right or the rights of the Released Parties to enforce this General Release Agreement and the promises set forth herein.

**3.     Dismissal**

Dismissal of the Lawsuit and Court Approval will be in accordance with the Parties Joint Stipulation and Agreement to Settle Class Action Claims. It is intended that this General Release Agreement shall constitute full and final settlement of all individual claims alleged by Plaintiff in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff.  Plaintiff represents and warrants that s/he does not presently have any claims pending against the Released Parties before any court, agency or other person/entity other than those identified herein.

49

4.     **Plaintiff's Acknowledgement of Compensation**

Plaintiff acknowledges that the Settlement Payment Award and General Release Payment constitutes fair, compensation, and/or benefits than s/he would otherwise be entitled to receive from Defendant.  Plaintiff agrees that, with the General Release Payment, Defendant fully compensated him/her for all wages and/or time worked, including minimum wage and overtime pay for each hour s/he worked for Defendant, and for any other damages and liquidated damages to which he alleges that s/he is entitled.

5.     **Consideration Period**

**[For Plaintiffs 40 or over]:** Plaintiff understands that s/he has been given twenty-one (21) days to consider and sign this General Release Agreement (the "Consideration Period"), and Plaintiff acknowledges and agrees that this consideration period has been reasonable and adequate.  Plaintiff will have seven (7) days from the date s/he signs this General Release Agreement to revoke it if s/he so desires.  This General Release Agreement shall not become effective or enforceable until this seven (7) day revocation period has expired, without revocation, provided the Parties have also continued to meet all of the conditions in this General Release Agreement, as well as those conditions in the Joint Stipulation and Agreement to Settle Class Action Claims in this Lawsuit.

**[For Plaintiffs under 40]:** Plaintiff acknowledges that s/he has been given a reasonable time to review and consider this General Release Agreement before signing it.

6.     **Right to Counsel**

Plaintiff acknowledges that s/he was informed that s/he has the right to consult with an attorney before signing this General Release Agreement, and that this Paragraph shall constitute written notice of the right to be advised by legal counsel.  Additionally, Plaintiff acknowledges that s/he has been advised by competent legal counsel of his/her own choosing in connection with the review and execution of this General Release Agreement, and that s/he had an opportunity to and did negotiate over its terms.  Plaintiff further acknowledges that s/he fully understands these terms.

7.     **Entire Agreement**

The Parties agree that this General Release Agreement shall be construed and enforced in accordance with the laws of the State of Illinois.  Plaintiff and Defendant further agree that this Agreement sets forth the entire agreement between the Parties, except for the Joint Stipulation and Agreement to Settle Class Action Claims, which is incorporated fully herein, and this General Release Agreement supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not expressly referred to and incorporated in this General Release Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and the President of the Company.

### 8.    Full Knowledge, Consent, And Voluntary Signing

The Parties also agree that: they are entering into this General Release Agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this General Release Agreement; and they have been advised to consult with an attorney, and in fact have been represented by an attorney in this matter.

### 9.    Taxation

For the portion of the Settlement Payment subject to payroll tax withholdings, the Company will withhold and report legally required taxes based on the last known IRS W-4 information contained in the Company's files for Plaintiff.  If Plaintiff desires to update his/her withholding information, Plaintiff must provide a new IRS Form W-4 at the same time as Plaintiff submits the signed General Release Agreement to Defendant.  For the portion of the General Release Payment attributed to a Form 1099, the Company will issue a Form 1099 to Plaintiff.  Plaintiff agrees that s/he alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, aside from the payroll taxes withheld from the portion of the settlement payments designated as wages.

### 10.    Non-assignment

Plaintiff expressly represents that s/he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2(e)); (b) any rights that s/he may have to assert claims on their behalf or on behalf of others against the Released Parties; and (c) any right s/he has or may have to the General Release Payment.  Plaintiff promises that any monies, benefits or other consideration s/he receives from Defendant are not subject to any liens, garnishments, mortgages, or other charges.

### 11.    Neutral Construction

The language of all parts of this General Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties, regardless of who drafted the General Release Agreement.

### 12.    Severability

To the extent that a court of competent jurisdiction holds that any portion of this General Release Agreement is invalid or legally unenforceable, Plaintiff and Defendant agree that the remaining portions shall not be affected and shall be given full force and effect.

### 13.    Non-admission

This General Release Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendant or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this General Release Agreement. Defendant specifically denies any liability or wrongdoing.

### 14.    Medicare & Social Security

Plaintiff hereby warrants and represents that Plaintiff presently is not, nor has Plaintiff ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Plaintiff has no claim for Social Security Disability benefits nor is Plaintiff appealing or re-filing for Social Security Disability benefits. Plaintiff further warrants and represents that Plaintiff did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this General Release Agreement. Plaintiff also warrants and represents that Medicare has not made any payments to or on behalf of Plaintiff, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this General Release Agreement. . Plaintiff agrees to hold harmless the Company and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) Plaintiff may sustain as a result of this General Release Agreement.

### 15.    Counterpart Signatures

This General Release Agreement may be executed in counterparts. Faxed, e-mailed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

### 16.    Acknowledgement

The Parties declare that they have completely read this General Release Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this General Release Agreement.

**READ CAREFULLY.**
**THIS DOCUMENT CONTAINS [LAST NAME]'S RELEASE**
**AND WAIVER OF CLAIMS.**

[FIRST AND LAST NAME]                              ELITE STAFFING, INC.

52

_____          _____

Date: _____          Its:_____

                                      Date: _____

**EXHIBIT F**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STARLET BAKER, CHARLES LOVETT, and FREDRICK JONES, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15 CV 3246 |
| v. | ) ) | Judge Leinenweber |
| ELITE STAFFING, INC., | ) ) | |
| Defendant. | ) | |

**ORDER PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT**
**AND APPROVING CERTIFICATION OF A CLASS AND COLLECTIVE ACTION,**
**FORM AND MANNER OF CLASS NOTICE AND SETTING A HEARING**
**FOR FINAL APPROVAL OF SETTLEMENT**

Starlet Baker, Charles Lovett, and Frederick Jones (collectively, "Named Plaintiffs," "Class Representatives," or "Plaintiffs") and Defendant, Elite Staffing, Inc. ("Elite") (collectively, the "Parties"), having reached a settlement in this matter on a class-wide basis, the Court having reviewed the Joint Stipulation of Settlement and Agreement to Settle Class Action Claims ("Settlement Agreement," "Stipulation," or "Agreement") and the record in this Litigation, including the Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Joint Stipulation of Settlement and for Approval of Class Certification, Form and Manner of Class Notice, and Scheduling Hearing for Final Approval of Settlement,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable, and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.     The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the Settlement Class, as defined below.

3.     The Court finds that the state law claims have met the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only. The case is hereby certified, for the purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(b)(3). The Court hereby certifies the following class, in accordance with the Settlement Agreement, for the purposes of settlement:

> All day or temporary laborers who have been employed by Elite Staffing, Inc. and assigned to or placed at a client company in Illinois from April 13, 2012 through April 13, 2015.

The complete list of Class Members will be included in Exhibit A to the Settlement Agreement, Docket Number __.

4.     The Court appoints Plaintiffs Starlet Baker, Charles Lovett, and Frederick Jones as Class Representatives and Christopher J. Williams, Alvar Ayala and Neil Kelley as Class Counsel. The Court finds that the Class Representatives and Class Counsel have provided adequate representation to the members of the Class.

5.      The Court further approves of the Parties' proposed Notice of Class Action Settlement, and the manner in which notices will be given, as provided in the Settlement Agreement.

6.      Within thirty six (36) days after the Filing Deadline, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments.

7.      The Fairness Hearing is hereby scheduled to be held before the Court on December 6, 2016 at 9:00 a.m. in Courtroom 1941.

8.      Pending final approval of the Settlement Agreement, the prosecution and defense of the case is hereby stayed; the Class Representatives, all members of the Class, and each of them, and anyone who acts or purports to act on their behalf, shall not threaten, institute, commence, or prosecute any action that seeks to assert claims against any Released Party related to the subject matter of this Litigation.

9.      The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representatives, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of this Order and the Settlement Agreement upon the entry of a Final Order by this Court granting final approval of the Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2) supervising the distribution of the Total Settlement Amount; and (3) resolving any disputes or issues that may arise in connection with this Litigation or the Settlement of this Litigation.

It is so ordered.


DATE: _____        _____
                                        The Honorable Judge Harry D. Leinenweber
                                        United States District Court for the
                                        Northern District of Illinois

57