N4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

STARLET BAKER, CHARLES LOVETT, )
and FREDRICK JONES, on behalf of )
themselves and all other persons similarly )
situated, known and unknown, )
                          )
        Plaintiffs, )
                          )   Case No. 15 CV 3246
     v. )
                          )   Judge Leinenweber
ELITE STAFFING, INC., )
                          )
        Defendant. )

## FINAL APPROVAL ORDER

The Parties having appeared before the Court on March 1, 2017, for a Hearing on Final

Approval in the above-captioned matter; the Court having reviewed the Plaintiffs' Unopposed

Motion for Final Approval of the Parties' Class Action Settlement and other related materials

submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval;

and otherwise being fully informed in the premises,

It is hereby ORDERED AND ADJUDGED as follows:

1.    This Court has jurisdiction over the subject matter of this action and over all Parties

to this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b), including all members of the

Settlement Class, preliminarily certified for settlement purposes only by Order dated July 28,

2016 (Dkt. No. 43) ("Preliminary Approval Order"), and defined as follows:

> All day or temporary laborers who have been employed by Elite Staffing, Inc. and
> assigned to or placed at a client company in Illinois from April 13, 2012 through
> April 13, 2015

2.    The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ.

P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action

only. The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.    The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, the manner in which their economic recovery would be calculated if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of resources available to them to obtain additional details on this case and the Class Action Settlement, including Class Counsel's telephone number. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. Rules 23(c)(2)(B) and 23(e)(1).

4.    The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement; the Total Settlement Amount of Nine Hundred Sixty Five Thousand and 00/100 Dollars ($965,000.00) plus approximately Forty Three Thousand Dollars and 00/100 Cents $43,000.00, which the Parties anticipate will remain in the Claims Administration Fund after March 15, 2017, is a fair, reasonable and adequate settlement of the Class claims; the Settlement was reached pursuant to arm's-length negotiations between the Parties; the support for the Settlement expressed by Class Counsel and counsel for Defendant, who both have significant experience

representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; the absence of any putative Class Members filing objections to the Settlement and of any Class Member opting out of the settlement supports approval of the Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5. As identified by the Plaintiffs' Unopposed Motion for Final Approval and supporting Memorandum of Law, the Court finds that there were zero objections made to this Settlement and four individuals requested exclusion from the Settlement Class.

6. The Court finds that Defendant has met all the notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715.

7. Class Members who filed a valid and timely claim form, or any valid late claim forms otherwise mutually accepted by the parties prior to the date of this Order, shall each receive their equal share of the Net Settlement Fund in accordance with the calculations set forth in the Settlement Agreement.

8. Payments to each Named Plaintiff in the amount of Two Thousand Dollars and No Cents ($2,000.00) as payments for service to the Class are approved and shall be awarded to named Plaintiffs Starlet Baker, Charles Lovett, and Frederick Jones, pursuant to the terms of the Settlement Agreement. Further, an additional payment in the amount of Six Thousand and No Cents ($6,000.00) to each Named Plaintiff is approved as payment for executing a general release of claims against Defendants, pursuant to the terms of the Settlement Agreement. Within twenty one (21) calendar days of Final Approval and full execution of the Settlement Agreement by Plaintiffs, the Defendant shall deliver these payments to Class Counsel for distribution to each

of the Named Plaintiffs.

9.  Class Counsel is awarded Two Hundred Fifty Two Thousand and 00/100 Dollars ($252,500.00), which constitutes 24% of the Total Settlement Amount and approximately 26% of the amount of the benefit to the Class, for attorneys' fees and litigation expenses in this matter. Within twenty one (21) calendar days of Final Approval and full execution of the Settlement Agreement by Plaintiffs, the Defendant shall make this payment to Class Counsel pursuant to the Settlement Agreement.

10.  In accordance with the Settlement Agreement, within forty five (45) calendar days of the Final Approval of the Settlement Agreement, Defendant shall mail to each Claimant, at his or her last-known address, a check representing their Settlement Award.

11.  Class Counsel shall deactivate the business reply account set up for purposes of the notice process in this matter after fifteen days from the entry of this preliminary approval order have passed.

12.  This Court hereby dismisses all claims released in the Settlement Agreement with prejudice and without costs to any of the Parties as against any other settling Party, except as otherwise provided in the Settlement Agreement.

13.  Any Class Member who did not timely submit a Request for Exclusion from this Settlement fully releases and discharges Defendant from any and all claims that were asserted in this action, as set forth in the Settlement Agreement.

14.  Class Members who did not submit Claim Forms as of the date of this Order are not entitled to participate in the monetary portion of the Settlement, and are barred from pursuing any and all claims against Defendant that were asserted in this action. These individuals release and discharge Defendant from all such claims, as set forth in the Settlement Agreement.

15.  The Court grants final approval of the Settlement and all of its terms. This matter is

dismissed with prejudice. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

16. The Clerk is directed to enter judgment consistent with this order and close this file.

ORDERED this _1_ day of March, 2017 in Chicago, Illinois

_____
THE HONORABLE HARRY D. LEINENWEBER
UNITED STATES JUDGE